UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **VALDIVINO DE OLIVEIRA** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **GCC2, INC.** | ) |
| **Formerly known as** | ) |
| **GALLAS PIZZA, INC.** | ) |
| | ) |
| and | ) |
| | ) |
| **ROBBERT C. GALLA** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

VALDIVINO DE OLIVEIRA (hereinafter "Plaintiff") brings this lawsuit for overtime pay, retaliatory discharge, liquidated damages and attorney fees and other relief provided under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter "FLSA").

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 216(b).

2. Pursuant to 28 U.S.C. § 1391 venue is appropriate in this judicial district as the Defendants reside herein.

1

## PARTIES

3. Plaintiff was an employee of Gallas Pizza, Inc. now known as GCC2, Inc. which is owned and operated by Robert C. Galla.

4. Robert C. Galla ("Galla") is President of GCC2, Inc., formerly known as Gallas Pizza, Inc. and, by virtue of his actions, is individually liable to Plaintiff as Plaintiff's employer within the meaning of the FLSA. Defendant Galla is an Employer within the meaning of the FLSA because he is involved in the day to day operations of has been a corporation president who discharges duties of supervision and control of management, sets payroll policy directly and through subordinate employees, and controls general policy as to employment. Galla is responsible for directing that overtime pay not be paid to Plaintiff.

5. GCC2 and are collectively referred to in this Complaint as "Defendants"

6. Defendants are employers within the meaning of the FLSA.

7. Defendants are subject to the jurisdiction of this Court.

8. Defendant GCC2 may be served with process via service through Robert C. Galla at 1155 Mount Vernon Highway, Sandy Springs, GA 30338.

9. Defendant Robert C. Galla may be served with process at 1155 Mount Vernon Highway, Sandy Springs, GA 30338.

## FACTUAL ALLEGATIONS

10. Plaintiff has worked for Defendants' Pizza restaurants for over three years.

11. Plaintiff has always been a non-exempt employee as such as defined within the FLSA.

12. Defendant Galla was President and set the policy of not paying Plaintiff or any of Defendants' employees overtime in violation of the FLSA.

13. Defendant's failure to pay overtime in accordance with the FLSA for more than the past three years has been intentional, knowing and deliberate.

## CLAIM FOR RELIEF

## VIOLATION OF 29 U.S.C. § 207
## (FAILURE TO PAY OVERTIME)

14. All previous paragraphs incorporated herein by this reference.

15. Defendant failed and/or refused to pay Plaintiff overtime for hours he worked in excess of forty (40) per week for the past three or more years.

16. Defendant's violation of the FLSA was intentional and willful.

17. Said violation gives rise to a claim for relief under the FLSA for the unpaid overtime for three (3) years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid overtime, declaratory and injunctive relief, prejudgment interest and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. §§ 207 & 216.

18. Plaintiff requests an award of all relief available under the FLSA as a result of

Defendants' violations of said Act.

**WHEREFORE, Plaintiff requests this Court:**

(a)     Take jurisdiction of this matter;

(b)     Grant a bench trial as to all matters;

(c)     Issue a judgment declaring that Plaintiff is covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(d)     Issue preliminary and permanent injunctions directing Defendant to comply with the provisions of the FLSA;

(e)     Award Plaintiff all unpaid overtime to which he is entitled and liquidated damages equaling 100% of said amounts as required by the FLSA;

(f)     Award Plaintiff compensatory damages and liquidated damages going back 3 years;

(g)     Award Plaintiff pre-judgment interest on all amounts owed;

(j)     Award Plaintiff his attorney's fees and expenses of litigation; and

(k)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted this 26th day of April, 2011

ATLANTA LAWYER GROUP – PASTOR, P.C.

/s/ Brian B. Pastor, Esq. /s/

Brian B. Pastor, Esq.
Georgia Bar Number 565860
Atlanta Lawyer Group – Pastor, P.C.
1109 Bonview Ln NE
Atlanta, Georgia 30324
bpastor@atlantalawyer.com
404-607-7100 (office)  404-607-7121 (fax)
Attorney for Plaintiff and Lead Counsel

LAW OFFICES OF GEORGE HANDELSMAN

 /s/ S. George Handelsman /s/
S. George Handelsman, Esq.
Georgia Bar Number 322850
1401 Peachtree St NE, Ste 240
Atlanta, GA 30324
lawbolivia@aol.com
404-522-0777 office 404-873-3335 Fax
Attorney for Plaintiff